IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GINA CARMICHAEL,

        Plaintiff,                    No. CIV S-12-0307 KJM CKD PS

    vs.

SACRAMENTO HOUSING
REDEVELOPMENT AGENCY,

        Defendant.                <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain
7 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
8 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
9 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).

18    The court finds the allegations in plaintiff's complaint so vague and conclusory
19 that it is unable to determine whether the current action is frivolous or fails to state a claim for
20 relief.  The court has determined that the complaint does not contain a short and plain statement
21 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
22 policy, a complaint must give fair notice and state the elements of the claim plainly and
23 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
24 must allege with at least some degree of particularity overt acts which defendants engaged in that
25 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of
26 /////

1 Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to
2 file an amended complaint.

3       In the complaint, plaintiff complains about an incident occurring in 2006.
4 Plaintiff asserts defendant Sacramento Housing and Redevelopment Agency did not pay for 90
5 days toward a voucher. If plaintiff chooses to amend the complaint, plaintiff must set forth the
6 jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil
7 Procedure 8(a). This court has limited jurisdiction. There is no subject matter jurisdiction
8 evident from plaintiff's pleadings. Further, plaintiff must demonstrate how the conduct
9 complained of has resulted in a deprivation of plaintiff's federal rights. See <u>Ellis v. Cassidy</u>, 625
10 F.2d 227 (9th Cir. 1980). The court also notes that because of the long passage of time since the
11 incident occurred, plaintiff's action may be time barred.

12       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
13 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
14 amended complaint be complete in itself without reference to any prior pleading. This is
15 because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v.
16 Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
17 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be sufficiently
19 alleged.

20       In accordance with the above, IT IS HEREBY ORDERED that:
21       1. Plaintiff's request to proceed in forma pauperis is granted;
22       2. Plaintiff's complaint is dismissed; and
23       3. Plaintiff is granted thirty days from the date of service of this order to file an
24 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
25 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
26 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

1 | copies of the amended complaint; failure to file an amended complaint in accordance with this
2 | order will result in a recommendation that this action be dismissed.
3 |   Dated: February 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
carmichael.ifp-lta